IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AGUSTIN AND GLENDA HIDALGO,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, State Farm Fire and Casualty Company, ("State Farm" or "Defendant") hereby gives notice of its removal of this case filed by Plaintiffs in the Thirteenth Judicial District Court for the State of New Mexico, Cause No. D-1329-CV-2023-01577 on the grounds of complete diversity between Plaintiffs and Defendant. True and correct copies of the Complaint and all other pleadings for the State Court proceeding are attached hereto as **Exhibit A** and incorporated herein by this reference.

Undersigned hereby certifies that, immediately upon the filing of this Notice of Removal, Defendant will file a copy of this Notice of Removal with the Clerk of the Thirteenth Judicial District, County of Sandoval, New Mexico, and serve it upon Counsel for Plaintiffs in accordance with 28 U.S.C. § 1446(d). Defendant states the following:

### A. Complete Diversity of the Parties:

1. Plaintiffs are individuals and residents of the State of New Mexico, with their principal place of residence in Rio Rancho, Sandoval County, New Mexico. *See* Complaint, ¶ 1.

2. The Complaint fails to identify the citizenship of State Farm, but it states that Defendant State Farm is a foreign insurance corporation authorized to conduct business in the State of New Mexico. *Id.*, ¶ 4.

Thus, according to the allegations in the Complaint, Plaintiffs are citizens of New Mexico while Defendant is a foreign company. There is no overlap between the citizenship of Plaintiffs and Defendant, as the Defendant is *not* a citizen of New Mexico. Accordingly, there is complete diversity of citizenship between Plaintiffs and Defendant.

B. **The Amount in Controversy Exceeds $75,000, exclusive of costs and interest:**

3. Although Defendant contests liability and the claims asserted against it, Plaintiffs seek a monetary judgment against Defendant that exceeds $75,000. *See* Complaint.

4. The Complaint alleges that Plaintiffs purchased a homeowners insurance policy that was issued by State Farm Fire and Casualty Company for their property at 1536 Reynosa Loop Se, Rio Rancho, New Mexico 87124 ("Property"). *Id.*, ¶¶ 8-9.

5. Plaintiffs allege that on or about July 23, 2021, while the policy was in effect, the property sustained damage as a result of a covered wind and hailstorm that included significant hailstones that impacted the property for an extended period of time. *Id.*, ¶ 11.

6. Plaintiffs allege they provided prompt notice of the loss to Defendant, but Defendant failed to provide coverage owed under the policy, severely underpaid the claim and failed to adequately and timely investigate the loss. *Id.*, ¶¶ 12-13.

7. Plaintiffs claim Defendant's adjuster acknowledged a covered loss occurred, but Defendant limited coverage to only the soft metals on the roof system, the damage for which was less than the policy deductible. *Id.*, ¶ 14.

8. Plaintiffs claim Defendant falsely misrepresented that such damage was not covered under the policy because it was caused by normal wear, tear, and deterioration. *Id.*, ¶ 15.

9. Plaintiffs hired a public insurance adjuster and presented Defendant with estimates and explanations establishing the property sustained no less than $47,000.00 in damages as a result

of the weather with damage to the shingled roof system, soft metals on the roof, multiple sheds, and windows. *Id.*, ¶¶ 16-17.

10. Plaintiffs demanded payment from Defendant in March 2023 and in response, Defendant retained Golden Forensics, LLC to conduct an inspection of the property. *Id.*, ¶¶ 19, 20.

11. Plaintiffs allege that Golden Forensics, LLC confirmed that a significant hail event impact the property and caused damage to certain aspects of the property, but Golden Forensics inexplicably and wrongfully refused to acknowledge any damage to the dwelling roof system or the sheds. *Id.*, ¶ 21.

12. Plaintiffs allege Defendant provided an updated estimate on May 1, 2023, acknowledging additional damages to two window screens and a plastic covering, but continued to falsely misrepresent to Plaintiffs that the remaining damages to the property, including the dwelling roof system, was not covered because it was the result of normal wear, tear, and deterioration. *Id.*, ¶ 22.

13. Plaintiffs allege that Defendant failed to tender any insurance benefits to Plaintiffs as the updated estimate for loss was still below the policy deductible and accounted for depreciation in violation of New Mexico law. *Id.*, ¶¶ 23-24.

14. Plaintiffs seek damages from Defendant for: Breach of Contract (Count I), Unfair Insurance Claim Practices (Count II), and Bad Faith (Count III). *See* Complaint at Counts I-III. Plaintiffs seek attorneys' fees, actual damages, and punitive damages under the above-referenced theories of recovery. *Id.*

15. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (a).

16. Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995).

17. The amount in controversy is not "the amount the plaintiff will recover," but rather "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *see also Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir.1973) ("The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith.").

18. Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) and *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

19. In addition, Plaintiffs seeks actual and consequential damages as a result of Defendant's alleged breach of contract. *Id.*

20. On or around March 10, 2023, Plaintiffs presented an estimate to Defendant prepared by Blue Sky Public Adjusters, LLC estimating the replacement cost value for the property would total $47,783.99.

21. Plaintiffs also seeks punitive damages against Defendant pursuant to the extra-contractual claims alleged. *Id.*

22. "Punitive damages may be considered in determining the requisite jurisdictional amount." *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir.

2003). Defendants do not have to prove that Plaintiffs are more likely than not to ultimately recover punitive damages, "but merely that: (1) state law permits a punitive damages award for the claims in question… the defendant may point to facts alleged in the complaint, the nature of the claims, or evidence in the record to demonstrate that an award of punitive damages is possible." *Frederick v. Hartford Underwriters*, 683 F.3d 1242, 1248 (10th Cir. 2012) (internal citation omitted). Defendant certainly does ***not*** concede that Plaintiffs are entitled to such damages but viewing Plaintiffs' Complaint as pled, the standard for removal analysis, requires that those damages be included for purposes of determining the amount in controversy.

23. In addition, Plaintiffs have specifically demanded attorneys' fees. *Id.* at Count II & III, ¶¶ 58, 75.

24. Attorneys' fees, where specifically permitted by statute, may be considered as part of the amount-in-controversy for purposes of federal jurisdiction. *Martinez-Wechsler v. Safeco Ins. Co. of Am.*, No. CIV 12-0738 KBM/ACT, 2012 WL 12892762, *2 (D.N.M. Sept. 13, 2012). *See also Woodmen,* 342 F.3d at 1218 ("Because the UPA requires the award of attorneys' fees to a prevailing claimant, the potential award of attorneys' fees, in addition to compensatory and treble damages, should have been considered in determining whether Woodmen satisfied the jurisdictional amount."); *Barreras v. Travelers Home & Marine Ins. Co.*, 2012 WL 12870348, *3(D.N.M. Oct. 17, 2012) ("Where a statute allows for the recovery of attorneys' fees, fees may be used in calculating the jurisdictional amount…" UPA under which Plaintiff asserts a claim allow for the recovery of fees. *See* N.M. Stat. Ann. §§ 39-2-1, 57-12-10(C). "Accordingly, that amount, too, could count toward satisfying the jurisdictional minimum.").

25. Plaintiffs assert claims under the Insurance Practices Act, which allows for the recovery of attorneys' fees. *See* Complaint, Count II.

26. Under N.M. Stat. Ann. § 57-12-10(C), "the court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails." Plaintiffs also alleges they are entitled to attorneys' fees pursuant to § 59A-16-30. *Id. See* N.M. Stat. Ann. § 59A-16-30 ("Any person covered by Chapter 59A, Article 16 NMSA 1978 who has suffered damages as a result of a violation of that article by an insurer or agent is granted a right to bring an action in district court to recover actual damages. Costs shall be allowed to the prevailing party unless the court otherwise directs. The court may award attorneys' fees to the prevailing party if. . . the party charged with the violation of that article has willfully engaged in the violation."). *See also* N.M. Stat. Ann. § 39-2-1 ("In any action where an insured prevails against an insurer who has not paid a claim on any type of first party coverage, the insured person may be awarded reasonable attorney's fees and costs of the action upon a finding by the court that the insurer acted unreasonably in failing to pay the claim.").

Based on the foregoing, this case easily satisfies the "amount in controversy" requirement.

C. **This Notice of Removal is Timely.**

The docket for the State Court proceedings shows that the Complaint was served on State Farm by serving copies on CSC on November 6, 2023. *See* Exhibit A. A notice of removal is considered timely if filed within 30 days of service of a complaint. 28 U.S.C. §1446(b).

D. **Requested Relief**

For the reasons stated above, removal based on complete diversity of citizenship is proper. Accordingly, Defendant requests that this case proceed in this Court.

E. **Venue**

Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

F. **Defenses**

Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its rights to assert all defenses including those defenses under Fed. R. Civ. P. 12(b).

## CONCLUSION

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, respectfully requests that the action now pending in the Thirteenth Judicial District Court for the State of New Mexico, Cause No. D-1329-CV-2023-01577 be removed therefrom to this Court and that all further proceedings be had in this Court.

Respectfully Submitted,

**ALLEN LAW FIRM, LLC**

/s/ *Meena H. Allen*
MEENA H. ALLEN
JACQUELINE D. MOSHER
6121 Indian School Road, NE, Suite 230
Albuquerque, New Mexico 87110
(505) 298-9400

***Attorneys for State Farm Fire and Casualty Company***

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of December, 2023, I filed the foregoing electronically through CM/ECF, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lawrence A. VandenBout
CALLENDER BOWLIN, PLLC
1550 Wewatta St., Floor 2
Denver, CO 80202
Lawrence@CBTrial.com

*Attorneys for Plaintiffs*

/s/Meena H. Allen
Meena H. Allen