FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
10/17/2023 1:55 PM
AUDREY GARCIA
CLERK OF THE COURT
Berlina V Maestas

**STATE OF NEW MEXICO**
**COUNTY OF SANDOVAL**
**THIRTEENTH JUDICIAL DISTRICT COURT**

**AGUSTIN AND GLENDA HIDALGO,**          Civil Action No.: D-1329-CV-2023-01577

             *Plaintiffs*,

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY,**

             *Defendant*.

---

### PLAINTIFFS' COMPLAINT FOR BREACH OF INSURANCE CONTRACT, VIOLATION OF THE NEW MEXICO UNFAIR CLAIM PRACTICES ACT, AND BAD FAITH ACTIONS

---

**COME NOW** Plaintiffs Agustin and Glenda Hidalgo (hereinafter "**Plaintiffs**") and complain of Defendant State Farm Fire and Casualty Company (hereinafter "**Defendant**"). In support of their claims and causes of action, Plaintiffs would respectfully show unto this Honorable Court as follows:

## PARTIES

1.      Plaintiffs are individuals and residents of the State of New Mexico, with their principal place of residence in Sandoval County, Rio Rancho, New Mexico.

2.      Defendant is an insurance company engaged in the business of adjusting insurance claims. This includes, but is not limited to, Policy Number 31-BN-J714-8 (hereinafter the "**Policy**") and Claim No. 31-25M7-41X (hereinafter the "**Claim**") both of which apply to Plaintiffs' property and are at issue in the present case.

3.      Defendant may be served through the Office of Superintendent of Insurance by delivering a copy of the Complaint to the Office of Superintendent of Insurance, Attn: Service of

Process, P.O. Box 1689, Santa Fe, New Mexico 87504-1689.

## JURISDICTION & VENUE

4.     This Honorable Court has jurisdiction and venue is proper because: (1) one or more acts or omissions forming the basis for liability occurred in Rio Rancho, Sandoval County, New Mexico; (2) Defendant is a foreign insurance company that engages in the business of insurance in the State of New Mexico; and (3) Plaintiffs' causes of action arise out of Defendant's business activities in the State of New Mexico.

5.     All conditions precedent to recovery by Plaintiffs have been met or have occurred.

## AGENCY

6.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in their normal and routine course and scope of employment with Defendant.

## ALLEGATIONS OF PLAINTIFFS

7.     This matter revolves around a first-party insurance dispute regarding the extent of damages and amount of loss suffered to Plaintiffs' property as a result of a weather event. In addition to seeking economic and penalty-based damages from Defendant, Plaintiffs also seek compensation from Defendant for damages caused by improperly evaluating the extensive damages associated with this case.

8.     Plaintiffs own the real property located at 1536 Reynosa Loop SE, Rio Rancho, New Mexico 87124 (hereinafter the "**Property**").

9.     Prior to the occurrence in question, Plaintiffs purchased the Policy from Defendant to cover the Property for loss due to hail, wind, and other covered perils.

2

10.     Plaintiffs made complete and timely payments of all insurance premiums. Moreover, the Policy provided coverage for the Property during the date of loss in question.

11.     On or about, July 23, 2021, while the Policy was in effect, the Property sustained significant damage as the result of a covered wind and hailstorm that occurred in Rio Rancho, New Mexico. The storm was a significant event that included hailstones at least 1.00 inch in diameter that impacted the Property for an extended period of time.  There is no doubt this type of storm can cause damage to the Property.

12.     The Property damage constitutes a covered loss under the Policy.  After becoming aware of the damage, Plaintiffs promptly notified Defendant of the loss in accordance with the Policy.  Defendant then opened the Claim and assigned an adjuster to adjust the loss.

13.     Despite the fact that the damage constitutes a covered loss, Defendant failed to provide coverage rightfully owed under the Policy and severely underpaid the Claim. Defendant also failed to adequately, reasonably, and timely investigate the loss.

14.     In this regard, Defendant's adjuster inspected the Property and acknowledged a covered loss occurred.  Defendant, however, limited coverage to only the soft metals on of the roof system, the damage for which was less than the Policy deductible and resulted in no payment being made to the Plaintiffs.

15.     As it relates to the remaining substantial damage to the roof and the numerous sheds on the Property, Defendant falsely misrepresented to Plaintiffs that such damage was not covered under the Policy because it was caused by normal wear, tear, and deterioration.

16.     Plaintiffs retained a licensed New Mexico public insurance adjuster to assist with the presentation of the Claim.  The public adjuster conducted a thorough investigation of the loss concluding the scope of covered damage to the Property was significantly more than

3

acknowledged by Defendant.

17.     Contrary to Defendant's position, Plaintiffs presented Defendant with detailed estimates and explanations establishing the Property sustained no less than $47,000.00 in damages as a result of the weather event noted above. More specifically, and without limitation, Plaintiffs' investigation revealed significant covered damage to the Property, including, but not limited to, damage to the shingled roof system, soft metals on the roof, multiple sheds, and windows, all of which require complete removal and replacement to place Plaintiffs in a pre-loss condition.

18.     In addition to the foregoing, Plaintiffs also presented Defendant with other evidence substantiating the true scope of the loss, including, but which is not limited to, numerous photographs of the significant damage to the Property. The substantial damage to the Property presented by Plaintiffs is indicative of hail and consistent with the historical weather event on or about July 23, 2021, which included hailstones at least 1.00 inch in diameter that impacted the Property for an extended period of time.

19.     In March 2023, Plaintiffs demanded payment from Defendant for the true scope of the loss.

20.     In response, Defendant retained Golden Forensics, LLC, an out-come orientated investigation firm who is routinely retained by insurance carriers to rubber stamp their wrongful coverage positions, to conducted an inspection of the Property.

21.     While the inspection by Golden Forensics, LLC confirmed that a significant hail event impacted the Property on or about July 23, 2021 and caused damage to certain aspects of the Property, including to the soft metals on the roof, window screens, and a plastic covering, Golden Forensics inexplicably and wrongfully refused to acknowledge any damage to the dwelling roof system or the sheds. Instead, and because the damage to the dwelling roof system could not be

4

ignored, Golden Forensics absurdly claimed that all such damage was caused by birds notwithstanding the undisputed fact that a significant hail event impacted the roof on or about July 23, 2021.

22.      Thereafter, on May 1, 2023, Defendant provided Plaintiffs with an updated estimate wherein Defendant acknowledged additional damages to two window screens and a plastic covering, but it continued to falsely misrepresent to Plaintiffs that the remaining damages to the Property, specifically including the dwelling roof system, was not covered because it was the result of normal wear, tear and deterioration.

23.      Even with this updated estimate, however, Defendant still failed to tender any insurance benefits to Plaintiffs as Defendant's updated estimate for the loss was still below the Policy deductible.

24.      Defendant's estimate also accounted for depreciation in violation of NMSA 1978 § 59A-18-17(C).

25.      To date, Defendant continues to withhold insurance benefits Plaintiffs are rightfully entitled to recover.

26.      In issuing this coverage position, Defendant misrepresented to Plaintiffs the true value of the loss, and wrongfully ignored clear and significant damage to the Property.

27.      Defendant's initial coverage position resulted in an ultimate denial of payment of the Claim that did not provide the benefits rightfully owed and necessary to place Plaintiffs in a pre-loss condition as required by the Policy.

28.      The estimate presented by Plaintiffs and the clear evidence of Property damage represent the covered damage to the Property and the minimum amount Plaintiffs are owed under the Policy in connection with the Claim.

29.     These damages, in addition to other damages presented by Plaintiffs, were clear and easily identifiable, but are not included in Defendant's estimates.

30.     Defendant did not account for and provide coverage for the damages to the Property caused by the covered weather event and presented by Plaintiffs.

31.     Based upon the covered damages identified by Plaintiffs, it is clear Defendant failed to complete a full and fair investigation of Plaintiffs' loss.

32.     Based upon the covered damages identified by Plaintiffs, it is clear Defendant failed to appropriately instruct its retained adjusters and/or representatives in investigating and adjusting Plaintiffs' loss.

33.     Based upon the covered damages identified by Plaintiffs, it is clear Defendant failed to appropriately supervise its retained adjusters and/or representatives in investigating and adjusting Plaintiffs' loss.

34.     Based upon the covered damages identified by Plaintiffs, it is clear Defendant failed to ensure that all covered damages were provided for timely.

35.     Defendant continues to ultimately deny coverage for the Claim intentionally, unreasonably, and for reasons that are groundless and frivolous.

36.     In doing so, Defendant has intentionally and wrongfully denied the Claim and refused to issue a full and fair payment for the covered loss as rightfully owed under the Policy.

37.     Defendant also failed to provide Plaintiffs with an adequate explanation of the basis for its denial of the Claim and refusal to offer a full and fair settlement in violation of NMSA 1978, § 59A-16-20(N). To date, Plaintiffs have not received such an explanation.

38.     Defendant and its representatives conspired to intentionally deny the Claim as exhibited by Defendant's method of investigation, which was conducted in such a way in order to

intentionally delay, deny, minimalize, and/or underpay the loss incurred by Plaintiffs. Specifically, Defendant and its representatives willfully ignored the objective evidence of damage to the Property, all of which constitute a covered loss under the Policy and for which Plaintiffs are entitled to Policy benefits.

39.     As a result, Defendant's representatives failed to fully quantify Plaintiffs' losses, and Defendant's wrongful denial of the Claim failed to place Plaintiffs in a pre-loss condition. Such bad faith misconduct is a violation of NMSA 1978, § 59A-16-20(E) for failing in good faith to effectuate a prompt, fair, and equitable settlement when liability has become reasonably clear.

40.     Due to Defendant's bad faith adjustment of Plaintiffs' Claim, Plaintiffs were forced to quantify its own damages. Based on the investigation of Plaintiffs' contractors and/or representatives, significant repairs to the Property were recommended. Specifically, Plaintiffs' representatives and/or contractors recommended various necessary repairs as set forth in their Estimate(s) or or Report(s).

41.     Defendant's adjusters and representatives acted as authorized agents of Defendant. Defendant's adjusters and representatives acted within the course and scope of their authority as authorized by Defendant. Plaintiffs relied on Defendant and its adjusters and representatives to properly investigate, evaluate, and adjust the Claim regarding the Property and to issue payments to fix such damage. To date, proper payments have not been made regarding the Claim.

42.     Defendant's failure to properly adjust the Claim has resulted in a delay of covered insurance benefits to Plaintiffs without reasonable basis.

43.     All conditions precedent to recovery by Plaintiffs have been met or have occurred.

44.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such actions were done with the full authorization or

7

ratification of Defendant and/or were completed in the normal and routine course and scope of employment with Defendant.

45.     As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the undersigned attorneys who are representing Plaintiffs with respect to the following causes of action.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

46.     Plaintiffs hereby incorporate by reference all facts, circumstances and allegations set forth in all Paragraphs of this Complaint.

47.     According to the Policy, Defendant had the absolute duty to investigate Plaintiffs' damages and to pay Policy benefits for the Claim made due to the extensive damages caused by the subject storm.

48.     As a result of the storm, Plaintiffs suffered severe damages.

49.     Despite objective evidence of such damages, Defendant has breached its contractual obligations under the Policy by failing to pay Plaintiffs benefits relating to the cost to properly repair the Property, as well as for related losses. As a result of this breach, Plaintiffs have suffered actual and consequential damages.

50.     Such denial is wrongful and a breach of the Policy.

51.     As a result of Defendant's breach of contract, Plaintiffs are entitled to all property damages resulting therefrom.

### COUNT II: UNFAIR INSURANCE CLAIM PRACTICES

52.     Plaintiffs hereby incorporate by reference all facts, circumstances and allegations set forth within all Paragraphs of this Complaint.

8

53.    Under New Mexico Unfair Insurance Claim Practices Act NMSA 1978 § 59A-18-17(C). insurers are prohibited from withholding depreciation at the time of settlement stating, "Insurance coverage provided in residential property Insurance policies shall provide for the cost to repair or replace without deduction for depreciation…[and] … a reasonable overhead expense shall be allowed." Defendant's actions and failures, as enumerated above, constitute unfair claims practices prohibited by NMSA 1978 § 59A-18-17(C).

54.    The acts and failures to act of Defendant, as enumerated above, constitute unfair claims practices which are prohibited pursuant to the New Mexico Unfair Insurance Claim Practices Act, NMSA 1978, § 59A-16-20, including but not limited to:

A. Misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

B. Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

C. Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

D. Failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

E. Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

F. Failing to settle all catastrophic claims within a ninety-day period after the assignment of a catastrophic claim number when a catastrophic loss has been declared;

G.  Compelling insureds to institute litigation to recover amounts due under a policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

H.  Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

I.  Attempting to settle claims on the basis of an application that was altered without notice to, or knowledge or consent of, the insured, his representative, agent or broker;

J.  Failing, after payment of a claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made;

K.  Making known to insureds or claimants a practice of insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

L.  Delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

M.  Failing to settle an insured's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage; and/or

10

N.  Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

55.     Defendant knowingly and willfully engages in such acts with such a frequency as to indicate a general business practice of failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies; and not attempting in good faith to effectuate prompt, fair, and equitable settlements of an insured's claims in which liability has become reasonably clear.

56.     Defendant acts in such a way to consistently delay, deny or undervalue property claims made by its insureds.

57.     As a direct and proximate result of the unfair claims practices of Defendant, Plaintiffs have suffered compensatory damages, incidental damages, and consequential damages in a monetary amount to be determined at trial.

58.     Plaintiffs are also entitled to an award of attorneys' fees, costs, and treble damages under the statute.

**COUNT III: BAD FAITH**

59.     Plaintiffs hereby incorporate by reference all facts, circumstances and allegations set forth within all Paragraphs of this Complaint.

60.     There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policyholder.

61.     Fair dealing means to act honestly and in good faith in the performance of the contract.

62.     The insurance company must give equal consideration to its own interests and the

interests of the policyholder.

63.     An insurance company and its employees act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous or unfounded.

64.     In deciding whether to pay a claim, the insurance company and its employees and agents must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim.

65.     A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

66.     The acts and failures to act of Defendant as enumerated above constitute a breach of its duty of good faith to Plaintiffs.

67.     Defendant failed to treat Plaintiffs' interest with equal regard to its own interests.

68.     Defendant's actions taken were unreasonable, and there was further delay by Defendant in not investigating this matter on a timely basis and in an appropriate way such that there was a breach of duty of honesty and good faith and performance of the insurance contract such that the actions of Defendant herein constituted bad faith.

69.     Defendant acted in bad faith in refusing to pay a claim of a policyholder and did not act in fair dealing meaning good faith and performance of the contract such that the actions constitute bad faith.

70.     The actions of Defendant were in bad faith in an effort to settle or resolve this matter in that Defendant has a duty to timely investigate and fairly evaluate the claim of the insured, and Defendant has not done so in this case which constitutes bad faith.

71.     The investigation was not conducted in a competent manner such that the actions of Defendant were in bad faith.

12

72.     The actions of Defendant in refusing to pay under the Claim constitute bad faith under the common law, such that the actions are without reason and that are designed to prevent Plaintiffs from collecting damages to which it is reasonably entitled.

73.     As a direct result of the bad faith of Defendant, Plaintiffs have suffered compensatory damages, incidental damages, and consequential damages, in a monetary amount to be determined at trial.

74.     The acts and failures to act by and of Defendant as enumerated above were malicious, willful, reckless, wanton, oppressive, in bad faith, and/or fraudulent entitling Plaintiffs to recover punitive damages in an amount to be determined at trial.

75.     The acts and failures to act of Defendant as enumerated above also constitute an unreasonable failure to pay a first party coverage claim entitling Plaintiffs to an award of reasonable attorneys' fees and costs pursuant to NMSA 1978, § 39-2-1.

## WAIVER & ESTOPPEL

76.     Plaintiffs hereby incorporate by reference all facts, circumstances and allegations set forth within all Paragraphs of this Complaint.

77.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

## DAMAGES

78.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiffs that exceed the minimum jurisdictional limits of this Honorable Court.

## ATTORNEYS' FEES

79.     As described above, Plaintiffs are entitled to recover all reasonable and necessary

attorneys' fees pursuant to NMSA 1978, § 39-2-1 and NMSA 1978, § 59A-16-20.

## JURY DEMAND

80.     Plaintiffs demand a trial by jury.


## PRAYER FOR RELIEF

Plaintiffs pray that judgment be entered against Defendant, and that Plaintiffs be awarded actual damages, consequential damages, treble damages, punitive damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorneys' fees, court costs, and all other such relief, general or specific, in law or in equity, whether pled or unpled, within this Complaint that Plaintiffs are entitled to recover.

WHEREFORE for all the reasons set forth above, Plaintiffs prays to be awarded all such relief to which it is due as a result of the acts of Defendant, and for all such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**CALLENDER BOWLIN, PLLC**

By: */s/ Lawrence A. VandenBout*
Lawrence A. VandenBout, Esq.
NM Bar No. 145739
Office: 1550 Wewatta St., Floor 2
          Denver, CO 80202
Phone: 303-221-9791
Fax:    713-724-8007
Email:  Lawrence@CBTrial.com

*Attorneys for Plaintiffs*

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
10/17/2023 1:55 PM
AUDREY GARCIA
CLERK OF THE COURT
Berlina V Maestas

**STATE OF NEW MEXICO**
**COUNTY OF SANDOVAL**
**THIRTEENTH JUDICIAL DISTRICT COURT**

**AGUSTIN AND GLENDA HIDALGO**                    Civil Action No. D-1329-CV-2023-01577

        *Plaintiffs*,

v.

**STATE FARM FIRE AND CASUALTY COMPANY,**

        *Defendant.*

---

## JURY DEMAND

---

Plaintiffs Agustin and Glenda Hidalgo request a trial by jury and respectfully asks this

Court to place this Case in the Jury Docket.  Plaintiffs request 6 jurors.

        Respectfully submitted,

        **CALLENDER BOWLIN, PLLC**

        *By: /s/ Lawrence A. VandenBout*
        Lawrence A. VandenBout, Esq.
        NM Bar No. 145739
        Office: 1550 Wewatta St., Floor 2
                Denver, CO 80202
        Phone: 303-221-9791
        Fax:    713-724-8007
        Email:  Lawrence@CBTrial.com

        *Attorneys for Plaintiffs*

**STATE OF NEW MEXICO**
**OFFICE OF SUPERINTENDENT OF INSURANCE**

**CERTIFICATE**

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
11/29/2023 6:28 PM
AUDREY GARCIA
CLERK OF THE COURT
Jared Phillips

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
13TH JUDICIAL DISTRICT COURT JUDICIAL DISTRICT

AGUSTIN AND GLENDA HIDALGO
Plaintiff,

v.                                                             D-1329-CV-2023-01577

STATE FARM FIRE AND CASUALTY COMPANY
Defendants,

ACCEPTANCE OF SERVICE

I, Alice T. Kane, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Complaint, Jury Demand, and Summons was served on State Farm Fire and Casualty Company on 11/6/2023 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on   11/13/2023 confirmed by Certified Mail Receipt.



In Witness Whereof, I have hereunto set my official seal on November 20, 2023.

Superintendent of Insurance

MS 117